IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00685-PSF-PAC

RADIOLOGICAL IMAGING TECHNOLOGY, INC.,

      Plaintiff,

v.

NORTHWEST MEDICAL PHYSICS, INC., and
NORTHWEST MEDICAL PHYSICS CENTER, a Washington non-profit corporation,

      Defendants.

---

**DEFENDANT NORTHWEST MEDICAL PHYSICS CENTER'S
ANSWER AND AFFIRMATIVE DEFENSES**

---

      Defendant Northwest Medical Physics Center ("NMPC"), by and through its counsel of record, answers the complaint ("Complaint") of plaintiff Radiological Imaging Technology, Inc. ("RIT") as follows:

**ANSWER**

      1.    Answering Paragraph 1, deny for lack of information upon which NMPC can form a well-founded belief.

      2.    Answering Paragraph 2, admit that dosimetry software is used to help calibrate radiation doses when treating cancer patients.  Deny all remaining allegations therein for lack of information upon which NMPC can form a well-founded belief.

3.      Answering Paragraph 3, deny for lack of information upon which NMPC can form a well-founded belief.

4.      Answering Paragraph 4, deny for lack of information upon which NMPC can form a well-founded belief.

5.      Answering Paragraph 5, deny for lack of information upon which NMPC can form a well-founded belief.

6.      Answering Paragraph 6, admit that NMPC is a Washington non-profit corporation with its principal place of business at 21031 67th Ave West, Lynnwood, WA 98036 ("NMPC Offices").  Deny all remaining allegations therein for lack of information upon which NMPC can form a well-founded belief.

7.      Answering Paragraph 7, as to NMPC, deny.  As to co-defendant Northwest Medical Physics, Inc. dba Northwest Medical Physics Equipment ("NMPE"), deny all remaining allegations therein for lack of information upon which NMPC can form a well-founded belief.

8.      Answering Paragraph 8, deny that this Court has personal jurisdiction over NMPC. Deny all remaining allegations therein for lack of information upon which NMPC can form a well-founded belief.

9.      Answering Paragraph 9, admit that NMPC purchased software from RIT and that RIT has provided copies of documents which appear to include acknowledgement of an adhesion contract between NMPC and RIT.  Deny that any purported "venue" clause is enforceable and

further deny that venue is proper in this Court.  Deny all remaining allegations therein for lack of information upon which NMPC can form a well-founded belief.

10.    Answering Paragraph 10, NMPC re-alleges its answers to Paragraphs 1-9 and denies all remaining allegations therein as described in this Answer.

11.    Answering Paragraph 11, deny as said documentation speaks for itself.

12.    Answering Paragraph 12, admit that NMPC purchased a version of RIT's software and has received upgrades to such software.  Deny all remaining allegations therein.

13.    Answering Paragraph 13, admit that Gary E. Hower ("Hower") was identified in 2001 as one of four users of the RIT software and that Hower was listed as the primary NMPC contact for the RIT software in 2004.  Deny all remaining allegations therein for lack of information upon which NMPC can form a well-founded belief.  Exhibits 2, 3, 4, 5, and 6 to the Complaint speak for themselves.

14.    Answering Paragraph 14, admit that Hower was contacted by RIT on approximately March 16, 2006 over the telephone and that he told RIT, among other things, that the RIT software was working satisfactorily but that NMPC had not used Version 4 of the RIT software because of reports of problems with that version.  Deny all remaining allegations therein for lack of information upon which NMPC can form a well-founded belief.

15.    Answering Paragraph 15, admit that NMPC offers remote film dosimetry analysis using RIT software through its website, however, NMPC has never used RIT's software for these

services because the RIT software is difficult to use and has poor output.  Deny all remaining allegations therein.  Exhibit 7 to the Complaint speaks for itself.

16.    Answering Paragraph 16, admit that Hower was an NMPC employee prior to leaving NMPC to work for NMPE from approximately May 31, 2005 through approximately January 13, 2006.  Admit that Hower returned to NMPC on approximately January 16, 2006 and has worked for NMPC from that date until the present.   Admit that Hower was an NMPC employee at the time of the telephone call on approximately March 16, 2006.  Deny that Hower was an NMPE employee at the time of the telephone call on approximately March 16, 2006. Deny that Hower was an NMPE employee at any time after approximately January 13, 2006. Deny all remaining allegations therein for lack of information upon which NMPC can form a well-founded belief.  Exhibit 8 to the Complaint speaks for itself.  Upon information and belief, MED-TEC has not yet removed Hower from its website.

17.    Answering Paragraph 17, deny, as said document speaks for itself.

18.    Answering Paragraph 18, deny for lack of information upon which NMPC can form a well-founded belief.

19.    Answering Paragraph 19, deny for lack of information upon which NMPC can form a well-founded belief.

20.    Answering Paragraph 20, deny.

21.    Answering Paragraph 21, deny for lack of information upon which NMPC can form a well-founded belief.  Exhibit 9 to the Complaint speaks for itself.

22.   Answering Paragraph 22, admit that NMPC's website lists NMPC's address, phone number, and fax number as alleged therein.   Admit that NMPC leases space in the NMPC Offices to NMPE.   Admit that pursuant to an expense sharing agreement, NMPC and NMPE share one telephone and fax line between the two separate companies.   Deny all remaining allegations therein for lack of information upon which NMPC can form a well-founded belief. Exhibit 10 to the Complaint speaks for itself.

23.   Answering Paragraph 23, admit that Hower is a registered user of the RIT software for NMPC and admit that Hower used the main telephone and fax number for the NMPC and NMPE offices during his brief employment with NMPE.   Deny that Hower is an NMPE or MED-TEC employee.   Deny all remaining allegations therein for lack of information upon which NMPC can form a well-founded belief.

24.   Answering Paragraph 24, admit that NMPC founder Douglas Jones co-authored the academic paper A Frameless Method for Stereotactic Radiotherapy, 66 British Journal of Radiology 1142-1150 (December 1993).   Deny all remaining allegations therein for lack of information upon which NMPC can form a well-founded belief.   Exhibit 11 to the Complaint speaks for itself.

25.   Answering Paragraph 25, admit that NMPC's office number is (425) 672-2841 and deny all remaining allegations therein for lack of information upon which NMPC can form a well-founded belief.   Exhibit 12 to the Complaint speaks for itself.

26.    Answering Paragraph 26, admit that NMPC and NMPE share a telephone line as described previously in this Answer.  Admit that the recorded greeting on this shared office line states that the caller has reached "Northwest Medical Physics" and lists extension numbers for employees of both NMPC and NMPE.  Deny all remaining allegations therein for lack of information upon which NMPC can form a well-founded belief.  Exhibit 13 to the Complaint speaks for itself.

27.    Answering Paragraph 27, deny that NMPC developed, sold, or distributed ProCheck and deny that NMPC violated the RIT software license agreement in any manner. Deny all remaining allegations therein for lack of information upon which NMPC can form a well-founded belief.

28.    Answering Paragraph 28, deny that NMPC breached any contract with RIT and deny all remaining allegations therein for lack of information upon which NMPC can form a well-founded belief.

29.    Answering Paragraph 29, deny for lack of information upon which NMPC can form a well-founded belief.

30.    Answering Paragraph 30, NMPC re-alleges its answers to Paragraphs 1-29 and denies all remaining allegations therein as described in this Answer.

31.    Answering Paragraph 31, admit that NMPC and NMPE are separate, distinct entities and deny that NMPC and NMPE are alter egos of the other.

32.    Answering Paragraph 32, deny, as said document speaks for itself.

33.   Answering Paragraph 33, deny that NMPC and NMPE are the same company. Deny that NMPC had any control or influence over NMPE's actions and/or NMPE's attorney's actions in the lawsuit described therein.   Deny that NMPC provided NMPE with the RIT software in any manner.   Deny all remaining allegations therein for lack of information upon which NMPC can form a well-founded belief.

34.   Answering Paragraph 34, admit that Hower is one of the registered users of the RIT software at NMPC.   Admit that ProCheck is one of several film dosimetry products on the market which are similar in some aspects to RIT's software.   Deny that Hower is an employee of NMPE.   Deny that Hower provided the RIT software to NMPE in any manner.   Deny all remaining allegations therein for lack of information upon which NMPC can form a well-founded belief.

35.   Answering Paragraph 35, deny.

36.   Answering Paragraph 36, deny that NMPC breached RIT's software licensing agreement in any manner.   Deny all remaining allegations therein for lack of information upon which NMPC can form a well-founded belief.

37.   Answering Paragraph 37, deny for lack of information upon which NMPC can form a well-founded belief.

38.   Answering Paragraph 38, NMPC re-alleges its answers to Paragraphs 1-37 and denies all remaining allegations therein as described in this Answer.

39.   Answering Paragraph 39, admit that NMPC and NMPE are separate, distinct entities and deny that NMPC and NMPE are alter egos of the other.

40.   Answering Paragraphs 40, 40(a), 40(b), 40(c), 40(d), 40(e), and 40(f), deny for lack of information upon which NMPC can form a well-founded belief.   The RIT software license and user's guide speak for themselves.

41.   Answering Paragraph 41, admit that RIT first licensed RIT's software to NMPC in 2001.   Admit that Hower worked for NMPE for several months as described in this Answer. Deny that any NMPC employee other than Hower has been an NMPE employee.   Deny that NMPC had any control or influence over NMPE's actions and/or NMPE's attorney's actions in the lawsuit described therein.   Deny that NMPC or any NMPC employee provided NMPE or any NMPE employee with RIT's software in any manner.   Deny all remaining allegations therein for lack of information upon which NMPC can form a well-founded belief.

42.   Answering Paragraph 42, deny for lack of information upon which NMPC can form a well-founded belief.

43.   Answering Paragraph 43, deny for lack of information upon which NMPC can form a well-founded belief.

44.   Answering Paragraph 44, deny for lack of information upon which NMPC can form a well-founded belief.

45.   Deny all allegations not specifically admitted to.

**AFFIRMATIVE DEFENSES**

46.    <u>Lack of Personal Jurisdiction</u>.  The Court lacks personal jurisdiction over NMPC.

47.    <u>Improper Venue</u>.   The Federal District Court for the District of Colorado is an improper venue for adjudication of this matter.

48.    <u>Failure to State a Claim</u>.  RIT fails to state a claim against NMPC for which relief can be granted.

49.    <u>Estoppel</u>.  RIT is estopped from asserting claims against NMPC.

50.    <u>Joinder</u>.  RIT has failed to join an indispensable party.

51.    <u>Laches</u>.  RIT's claims are barred by the equitable doctrine of laches.

52.    <u>Mitigation</u>.  RIT has failed to mitigate its damages.

53.    <u>Waiver</u>.   RIT has waived its rights against NMPC and therefore is not entitled to relief.

54.    <u>Statute of Limitations</u>.   RIT's claims are barred by the applicable statute of limitations.

55.    <u>Unconscionability</u>.   The Contract(s) referred to in the Complaint and/or specific provisions of such Contracts are unenforceable because, among other reasons, they are contract(s) of adhesion and are unconscionable.

56.    <u>Reciprocal Enforcement</u>.   Without waiving the foregoing unconscionability defense, certain provision of such Contracts, if enforceable, which purport to limit liability or remedies which can be asserted against RIT, should be construed to be reciprocal, affording equivalent benefits to NMPC.

57.    <u>Inadequate Consideration</u>.   The Contract(s) referred to in the Complaint are unenforceable because, among other reasons, they were based on inadequate consideration, or fail in their essential purpose.

58.    <u>Breach of Contract</u>.   RIT's actions and omissions constitute material breaches of one or more duties RIT owed to NMPC pursuant to the Contract(s) referred to in the Complaint.

59.    <u>Breach of Warranty</u>.   RIT's actions and omissions constitute breaches of one or more express and/or implied warranties in favor of NMPC pursuant to the Contract(s) referred to in the Complaint.

60.    <u>Information Readily Ascertainable</u>.   The information described in Count III of the Complaint do not constitute trade secrets because such information is readily ascertainable from other sources.

61.    <u>Information not Secret</u>.   The information described in Count III of the Complaint do not constitute trade secrets because RIT has not taken sufficient steps to maintain the secrecy of such information.

62.    <u>Fair Use</u>.   RIT's Misappropriation of Trade Secrets claim is barred by the doctrine of fair use.

**PRAYER FOR RELIEF**

Wherefore, NMPC prays for relief as follows:

A.     For dismissal of the Complaint against NMPC with prejudice;

B.     For an award of attorney fees and costs incurred therein as permitted by law;

C.     If judgment is entered against NMPC in favor of RIT, for judgment of indemnification from NMPE and/or other responsible parties, in an amount to be determined at trial, together with an award of attorney fees and costs;

D.     That NMPC be granted leave to join additional parties and /or assert additional defenses against RIT as discovery progresses;

E.     That NMPC be granted leave to seek contribution or indemnification from NMPE and/or other parties as discovery progresses in an amount to be proven at trial, together with an award of costs and attorney fees as permitted by law; and

F.     For such further relief as the Court deems appropriate.

//

//

//

//

Dated this 5th day of June, 2006.

Respectfully Submitted,

s/ Peter J. Korneffel, Jr.

Peter J. Korneffel, Jr.
Brownstein Hyatt Farber
410 – 17th Street, 22nd Floor
Denver, CO 80202
Phone:  (303) 223-1106
Fax:  (303) 223-0906
pkorneffel@bhf-law.com
**Attorneys for Defendant**
**Northwest Medical Physics Center**


s/ Scott B. Easter

Scott B. Easter
WA State Bar No. 05599
Montgomery, Purdue, Blankinship &
Austin, PLLC
5500 Columbia Center
701 Fifth Avenue
Seattle, WA 98104-7096
Phone:  (206) 682-7090
Fax:  (206) 625-9534
easter@mpba.com
**Attorneys for Defendant**
**Northwest Medical Physics Center**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such following to the following email addresses:

tgill@sah.com
kmacleod@sah.com
dvoorhees@hollandhart.com

Dated this 5th day of June, 2006.

Respectfully Submitted,

s/ Peter J. Korneffel, Jr.
Peter J. Korneffel, Jr.
Brownstein Hyatt Farber
410 – 17th Street, 22nd Floor
Denver, CO 80202
Phone: (303) 223-1106
Fax: (303) 223-0906
pkorneffel@bhf-law.com
**Attorneys for Defendant**
**Northwest Medical Physics Center**

99999\402\984713.1

-13-